# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIO SIBUG, #353758 | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. CCB-13-1628 |
| GREGG HERSHBERGER, WARDEN of RCI, et al. | * | |
| Defendants | * | |

## MEMORANDUM

On June 5, 2013, Mario Sibug, a Maryland state prisoner, filed this *pro se* motion for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his convictions in September 2008 in the Circuit Court for Baltimore County for first-degree assault, second-degree assault, and related weapons offenses. In October 2008, Sibug was sentenced to ten years' incarceration. For the reasons that follow, the instant motion will be dismissed without prejudice for lack of jurisdiction.

This motion represents petitioner's second § 2254 challenge to his 2008 convictions. His first motion for habeas relief under 28 U.S.C. § 2254 was dismissed as time-barred. *See Sibug v. Sowers, et al.* Civil Action No. CCB-11-2068 (D. Md. 2011). On May 1, 2012, the United States Court of Appeals for the Fourth Circuit dismissed his appeal of the decision and declined to issue a certificate of appealability. *See* S*ibug v. Sowers*, CA4 No. 12-6065.

A prisoner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application, and the circuit court has issued such an order. *See* 28 U.S.C. §2244(b)(3)(A). Sibug provides no evidence that he has obtained authorization to file a second or successive motion; consequently,

the instant motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2254 case. Sibug has failed to make "a substantial showing of the denial of a constitutional right" and a COA will be denied. 28 U.S.C. § 2253(c)(2).[1] Denial of a COA does not prevent petitioner from seeking permission from the United States Court of Appeals for the Fourth Circuit to file a successive petition or pursuing his claims after obtaining such permission. An order consistent with this memorandum follows.

June 17, 2013  /s/
Date  Catherine C. Blake
 United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).